Melody D. Miller Assistant City Attorney Office of the Little Rock City Attorney 500 West Markham, Suite 310 Little Rock, AR 72201
Dear Ms. Miller:
You have requested an official Attorney General opinion, pursuant to A.C.A. § 25-19-105(c)(3)(B), concerning the release of certain records under the Freedom of Information Act (FOIA) (A.C.A. § 25-19-101 through -107).
You indicate that a request has been presented to the City of Little Rock for a copy of your personnel file. You have provided a copy of the notice letter you received from the custodian of the records. This notice letter indicates that the custodian has determined generally that except as otherwise exempted by the FOIA, these records should be released. I am directed by law to issue my opinion as to whether the custodian's determination regarding the release of the records is consistent with the FOIA. A.C.A. § 25-19-105(c)(3)(B). I will address the specifics of the custodian's determination more fully below.
As an initial matter, I must note that I have not been provided with a copy of the records contained in your personnel file, and therefore cannot opine definitively regarding the disclosability of those records. However, I will set forth the applicable law that will govern this situation, upon the basis of which you can determine whether to pursue further remedies.
The records contained in personnel files can usually be classified either as "personnel records" or as "employee evaluation/job performance records" (or neither). It will be important for the custodian to classify the records properly, because the standard for the release of the various types of records differs.
The Disclosability Standard for Personnel Records
The custodian has correctly stated the standard for the disclosure of personnel records. Under the provisions of the FOIA, "personnel records" are subject to disclosure except to the extent that disclosure would constitute a "clearly unwarranted invasion of personal privacy." A.C.A. § 25-19-105(b)(10). Although the custodian has correctly determined that background investigation records are properly classified as personnel records, his determination that all background investigation records should be withheld from disclosure may be overbroad. This office has opined on numerous occasions that a blanket denial of access to all background investigation records may be inconsistent with the FOIA. See
Ops. Att'y Gen. Nos. 99-043; 98-101, 97-286, 96-368, 95-242, 94-113, and 92-319. The FOIA does not provide a blanket exemption for background investigations. For this reason, records reflecting a background investigation must be examined individually and separately to determine whether each such record is disclosable, whether it falls under a specific exemption from disclosure, or whether particular information should be redacted from the records prior to disclosure.
What is a Personnel Record?
In order to determine whether the custodian's decision is correct as to the other records in your file, an initial question will be whether these records do, in fact, constitute "personnel records." It is my opinion, as explained more fully below, that if these records pertain to your employment, but are not employee evaluations or job performance records, they would most likely be held by a court to constitute "personnel records."
The FOIA does not define the term "personnel records." Whether a particular record constitutes a "personnel record," within the meaning of the FOIA is, of course, a question of fact that can only be determined upon a review of the record itself. This office has taken the general position that "personnel records" are all records other than employee evaluation and job performance records that pertain to individual employees, former employees, or job applicants. See, e.g., Op. Att'y Gen. Nos. 99-244; 99-147, citing Watkins, The Arkansas Freedom ofInformation Act (m m Press, 3rd Ed., 1998) at 134. (It should be noted that some of the records mentioned above might be subject to specific exemptions set forth in other sections of the FOIA.)
If the records in your personnel file are, in fact, "personnel records," the ensuing issue is whether their release would constitute a clearly unwarranted invasion of your personal privacy.
What is a "Clearly Unwarranted Invasion of Personal Privacy"?
The FOIA does not define the phrase "clearly unwarranted invasion of personal privacy." However, the Arkansas Supreme Court has construed the phrase. In determining which disclosures constitute a "clearly unwarranted invasion of personal privacy," the court applies a balancing test. The court will weigh the interest of the public in accessing the records against the individual's interest in keeping the records private. SeeYoung v. Rice, 308 Ark. 593, 826 S.W.2d 252 (1992). If the public's interest outweighs the individual's interest, the release of the records will not constitute a "clearly unwarranted invasion of personal privacy."
The question of whether a "clearly unwarranted invasion of personal privacy" has occurred is a question of fact. See Op. Att'y Gen. No.98-001. If the custodian of the records has determined factually that the release of the records in your personnel file would not constitute a clearly unwarranted invasion of your personal privacy (by showing that your privacy interest in the records outweighs the public's interest in them), the records should be released.
The Standard of Disclosability for Employee Evaluation/Job PerformanceRecords
The custodian has stated only part of the standard for the disclosure of "employee evaluation/job performance records." Under the FOIA, "employee evaluation/job performance records" are disclosable only if the following three conditions have been met:
 (1) There has been a final administrative resolution of any suspension or termination proceeding;
 (2) The records in question formed a basis for the decision made in that proceeding to suspend or terminate the employee; and
 (3) There is a compelling public interest in the disclosure of the records in question.
A.C.A. § 25-19-105(c)(1).
What is an Employee Evaluation/Job Performance Record?
A determination must be made, then, as to whether any of the records in your file constitute "employee evaluation/job performance records." The FOIA does not define the phrase "employee evaluation or job performance record," nor has the phrase been construed judicially. I cannot formulate an official definition for undefined statutory language. Formal, written employee evaluations are of course included. In addition, this office has previously opined that documents such as written reprimands and letters of caution, documents upon which a recommendation for dismissal was based, and letters related to promotions and demotions are "job performance records." See, e.g., Ops. Att'y Gen. Nos. 93-105, 93-055, 92-231, 92-191, 91-324, and 91-303.
If any of the records in your personnel file are, in fact, employee evaluations or job performance records, the above-stated three part standard must be applied.
The question of whether there has been a final administrative resolution of a termination or suspension and the question of whether the requested records formed a basis for that termination or suspension are clearly questions of fact that can be readily determined. Any employee evaluation/job performance records in your personnel file can be disclosed only if those questions can be answered affirmatively, and if it is determined that there is compelling public interest in their disclosure, as discussed below.
What is a "Compelling Public Interest"?
The phrase "compelling public interest" is not defined in the FOIA. Clearly, whether there is a "compelling public interest" in the release of particular records will depend upon all of the facts and circumstances attendant to the particular case. Professor John Watkins, a commentator on the FOIA, has provided some guidelines for determining whether such an interest exists. He states: "The nature of the problem that led to the suspension or termination will undoubtedly bear on the `compelling public interest' question. . . ." Watkins, Id. at 146. Professor Watkins also points out: "The public's interest in disclosure is most likely to be compelling when the records reflect a breach of trust or illegal conduct by public employees. . . . However, the mere fact that an employee has been suspended or terminated does not mean that the records should be made public; if that were the case, the `compelling public interest' phrase would be a redundancy. . . ." Watkins, Id. at 145-46. In this regard, Professor Watkins also states: "A general interest in the performance of public employees should not be considered compelling, for that concern is, at least theoretically, always present." Watkins, Id. at 147. Professor Watkins has also noted that the status of the employee, or "his rank within the bureaucratic hierarchy," may also be relevant in determining whether a "compelling public interest" exists. Watkins, Id.
at 146-47 (noting that "[a]s a practical matter, such an interest is more likely to be present when a high-level employee is involved than when the [records] of `rank-and-file' workers are at issue.")
As noted previously, the question of whether there is a compelling public interest in particular records is clearly a question of fact that must be determined in the first instance by the custodian of the records, considering all of the relevant information. Any employee evaluation/job performance records that may be in your personnel file can be released only if the custodian has determined factually that there was a suspension or termination, that the records in question formed the basis for that suspension or termination, and that there is a compelling public interest in the records.
Address and Telephone Number
The custodian's decision to withhold your address and telephone number may or may not have been correct. There is no specific exemption under the FOIA for addresses and telephone numbers. However, the Arkansas Supreme Court recently upheld a custodian's decision to withhold from release certain police officers' home addresses. Stilley v. McBride,332 Ark. 306, 965 S.W.2d 125 (1998). In upholding that decision, the Stilley
court applied its traditional balancing test between the privacy interest and the public interest. In doing so, the court specifically considered the fact that where police officers are concerned, this information can carry a heightened potential to be used for purposes of harassment, nuisance, and of people attempting to contact the subject at home, or endangering their families' safety. This fact, coupled with the fact that the requestor of the information had not requested it for the purpose of gaining knowledge about the inner workings of government (the purpose of the FOIA), led the court to conclude that in that case, the privacy interest in this information outweighed the public interest in it.
On the basis of Stilley, I conclude that withholding your address from disclosure may be appropriate if the facts show that your privacy interest in that information outweighs the public's interest in it. In order to determine the public's interest in this information, the custodian may consider the purpose for which it was requested, and whether that purpose is consistent with the purposes of the FOIA.
You do not indicate whether your telephone number is listed or unlisted. The Attorney General has consistently opined that although unlisted telephone numbers may be withheld from disclosure, listed telephone numbers are not exempt from release. See, e.g., Op. Att'y Gen. No. 93-403
and citations therein. Those opinions were based upon the presumption that in most factual scenarios, there is little privacy interest in information that has already been made public, and that therefore, the privacy interest would presumptively be outweighed in a balancing test. I must note, however, that factual circumstances could occur in which a privacy interest in previously available information could be established, and that the U.S. Supreme Court has recognized the protectability of such an interest. See Department of Defense v. FLRA,
510 U.S. 487,500 (1994). I also note that the Arkansas Supreme Court relied upon the FLRA case in deciding Stilley v. McBride, supra, but thatStilley did not involve a request for telephone numbers. I therefore continue to hold the view that as a general matter, unless specialized facts indicate a heightened privacy interest in listed telephone numbers (see, e.g., Op. Att'y Gen. No. 98-097, regarding concerns inherent in the release of the telephone numbers of a particular group of retirees), those numbers, if requested under the FOIA, are not exempt from disclosure, but that unlisted telephone numbers, in which there clearly is a heightened privacy interest, should be withheld. However, in light of the holding of Stilley, I recognize that under certain circumstances, there might be a heightened privacy in telephone numbers, even if they are listed numbers.
Medical Records
The custodian is correct that all medical records in your personnel file are exempt from disclosure and should be removed from your file before it is made public. A.C.A. § 25-19-105(b)(2).
Conclusion
To the extent that the custodian of the records has applied the above-outlined principles of law in determining that your personnel file should be released, it is my opinion that the custodian's decision is consistent with the FOIA.
As a final matter, I must note that any records that the custodian determines to be releasable should be scrutinized by the custodian prior to their release, for the purpose of identifying any information that might be subject to a special exemption from disclosure under the FOIA (in addition to your social security number). Any such information that is identified by the custodian should be redacted from these documents prior to their release.
Assistant Attorney General Suzanne Antley prepared the foregoing opinion, which I hereby approve.
Sincerely,
MARK PRYOR Attorney General
MP:SBA/cyh